166

406 P.2d 884

Charles W. NYE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Tietjen Tillage, Respondents.*

Nos. I CA–IC 30, I CA–IC 31.

Court of Appeals of Arizona.

Oct. 26, 1965.

Opinion Modified and Rehearing Denied Nov. 29, 1965. See —— P.2d ——.

Herbert B. Finn and Stephen T. Meadow, by Herbert B. Finn, Phoenix, for petitioner.

Edgar M. Delaney, Phoenix, for respondents.

* The Petitions were filed with the Arizona Supreme Court and assigned that Court's Numbers 8094 and 8231. The Arizona Supreme Court issued its Writs of Certiorari. The matters were referred to this Court pursuant to Section 12–120.23 A.R.S.

CAMERON, Judge.

This is a writ of certiorari to review two awards of the Arizona Industrial Commission. On 7 October, 1963, the Supreme Court issued a writ of certiorari in case number 8094, Charles W. Nye v. Industrial Commission of Arizona. On 27 December, 1963, the Commission filed a "CONFESSION OF ERROR AND MOTION TO REMAND", in which the Commission stated, in part, as follows:

"This respondent, the Industrial Commission of Arizona, admits and confesses that the findings and award heretofore made by this respondent and herein complained of by the petitioner, cannot be sustained upon review of the entire record before the court.

"WHEREFORE this respondent the Industrial Commission of Arizona respectfully moves the court for its appropriate order setting aside the award herein complained of by the petitioner and remanding the matter to this respondent for further proceedings not inconsistent herewith."

On 7 January, 1964, the Supreme Court entered the following order: "Respondent's Confession of Error and Motion to Remand Granted". No hearings were held by the Commission, and on 21 January, 1964, the Commission entered its "AMENDED DECISION UPON REHEARING AFFIRMING PREVIOUS FINDINGS AND AWARD FOR NONCOMPENSABLE CLAIM". With the exception of one paragraph, the findings and award were identical to the findings from which the petitioner had taken a writ of certiorari in Supreme Court case 8094. That paragraph read as follows:

"1. That the applicant has failed to meet his burden establishing that he sustained an injury by accident arising out of and in the course of his employment."

Our Supreme Court has stated:

"The limit of this court's power is to either affirm or set aside the award. Paramount Pictures, Inc., v. Industrial Commission, 56 Ariz. 352, 106 P. 2d 1024. When an award is set aside, it is the right and duty of the Commission to reconsider all the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words, there must be a trial de novo. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294. A trial de novo means a second trial in the same manner. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215. Certainly a trial de novo does not mean an ex parte informal hearing, without the opportunity for rehearing if requested. All interested parties are entitled to an opportunity for a hearing. The petitioner herein was given no hearing nor an opportunity to be heard on the reconsideration of the matter and the making of new findings and award. He could no more be deprived of this on the retrial than on the original trial." Schnatzmeyer v. Industrial Commission, 78 Ariz. 112 at 114, 276 P.2d 534, 535 (1954).

■■ The Commission, by reason of a confession of error, may not limit the right of the petitioner to a rehearing or limit or modify the authority of this Court in setting aside the award even though pursuant to a confession of error. When the award has been set aside, there is no way a new award may be made without a rehearing. As was recently stated:

"It has long been the law in this state that an award acquiesced in by all the parties, may be made by the Commission without a formal hearing; provided always, that a dissatisfied party may have a rehearing on the award at which time he will be given opportunity to present his evidence in the usual

manner." International Metal Products Division of McGraw Edison v. Industrial Commission, Ariz., 406 P.2d 838 (Supreme Court Number 8453, filed 20 October, 1965).

■ The award in 1 CA–IC 30, formerly Supreme Court case number 8094, pursuant to order of the Supreme Court of Arizona, dated 7 January, 1964, is hereby set aside, and the award in 1 CA–IC 31, formerly 8031, is hereby set aside.

STEVENS, C. J., and DONOFRIO, J., concur.