408 P.2d 41

Charles W. NYE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Tietjen Tillage, Respondents.

Nos. 1 CA–IC 30, 1 CA–IC 31.

Court of Appeals of Arizona.

Nov. 29, 1965.

Herbert B. Finn and Stephen T. Meadow, by Herbert B. Finn, Phoenix, for petitioner.

Edgar M. Delaney, Phoenix, for respondents.

CAMERON, Judge.

On 26 October, 1965, we filed our opinion setting aside the two awards of the Industrial Commission of Arizona, 2 Ariz. App., —— 406 P.2d 884 (1965).

In said opinion, we made the following statement:

"When the award has been set aside, there is no way a new award may be made without a rehearing."

Respondent Industrial Commission of Arizona, in its Petition For Rehearing, objected to this statement, and after consideration, we hold the opinion that the objection was well taken.

 We can envision that in certain cases after an opinion of this Court or the Arizona Supreme Court, the Commission could follow the Court's opinion, and no additional testimony or evidence would be necessary. In such cases, the parties may acquiesce in an award or the Commission might properly issue an award without further hearing, provided always that a dissatisfied party may have a rehearing, at which time he must be afforded a trial de novo if so requested. Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1954).

The statement complained of is amended to read:

"When the award has been set aside, there is no way a new award may be made without *an opportunity given to a dissatisfied party for a rehearing.*"

In the instant case, no opportunity was given to the petitioner for a rehearing after the confession of error and remand by the Supreme Court of Arizona in case number 8094. For that reason, as we previously held, the award in 1 CA–IC 30, formerly Supreme Court number 8094, pursuant to order of the Supreme Court of Arizona, dated 7 January, 1964, is hereby set aside, and the award in 1 CA–IC 31, formerly 8031, is hereby set aside.

As so modified, the opinion is reaffirmed and the motion for rehearing is denied.

STEVENS, C. J., and DONOFRIO, J., concur.