**336**

408 P.2d 856

James AVENENTE, dba Oak Tavern,
Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Addie Pat Smouse, Respondents.

I CA–IC 68.

Court of Appeals of Arizona.

Dec. 14, 1965.

Rehearing Denied Jan. 11, 1966.

Harry W. Bagnall, Coolidge, for petitioner.

Virginia Hash and Walter W. McMillen, Phoenix, for respondent Addie Pat Smouse.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona reaffirming a previous finding and award in favor of the respondent Smouse, and against the petitioner, James Avenente.

We are called upon to determine whether the evidence supports the award of the Commission.

Respondent, Addie Pat Smouse, filed a claim with the Industrial Commission on 28 February, 1963, claiming an injury to her back while working for the petitioner in his bar in Florence, Arizona. The Commission entered an award on 18 March 1963, finding that the petitioner did not sustain an injury as claimed. This award was protested by the respondent Smouse, and a second hearing was held in Florence on 29 April, 1963, after which the Commission directed that the findings and award of 18 March, 1963, be amended to indicate a compensable award and that the defendant-employer be ordered to pay compensation and accident benefits. That award was set aside by this Court because of the failure to allow the petitioner the right of cross examination. Avenente v. Smouse, 1 Ariz.App. 24, 398 P.2d 932 (1965). Pursuant to said opinion, a hearing was held on 5 May, 1965, in Florence, Arizona, at which time full opportunity was accorded petitioner to cross examine witnesses relied upon by the Commission.

We have previously held that when an award is set aside, the parties thereto must be provided with an opportunity for a trial de novo. Nye v. Industrial Commission, 2 Ariz.App. 166, 406 P.2d 884 (1965), but see opinion modified on this point, Nye v. Industrial Commission, 2 Ariz. App. 279, 408 P.2d 41 (1965). In the instant

case, the attorney for the petitioner and the attorney for the respondent both agreed;

"That the entire file and hearings that have transpired prior to today will be in evidence and will be deemed part of this record."

This being the case, we may consider the Commission's entire file on appeal.

■ We have reviewed the file and find that the evidence is sufficient upon which the Commission might base its "Decision Upon Rehearing Affirming Previous Findings and Award". The evidence before the Commission being sufficient to reasonably support their decision, we will not disturb it upon appeal.

The award is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.