424 P.2d 207

**Charles W. NYE, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Tietjen Tillage, Respondents.**

**No. I CA–IC 115.**

Court of Appeals of Arizona.

Feb. 28, 1967.

Rehearing Denied March 22, 1967.

Review Denied April 19, 1967.

Herbert B. Finn and Stephen T. Meadow, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Joyce Volts and Edgar M. Delaney, Phoenix, for respondents.

CAMERON, Chief Judge.

This is a writ of certiorari to review the "Decision Upon Review and Findings and Award for Non-Compensable Claim", rendered by the respondent Industrial Commission of Arizona on 27 July 1966. The matter has previously been before this Court and the Supreme Court of Arizona. On 7 October 1963 the Supreme Court issued a writ of certiorari in this matter and thereafter the Industrial Commission filed a "Confession of Error and Motion to Remand" which motion was granted by the Supreme Court of Arizona. Following the remand the Industrial Commission filed its "Amended Decision Upon Rehearing Affirming Previous Findings and Award for Non-Compensable Claim", and this Court in the opinion of Nye v. Industrial Commission, 2 Ariz.App. 166, 406 P.2d 884, 885 (1965), set aside said award. Upon motion by the respondent Industrial Commission for rehearing we reaffirmed our previous decision stating:

"In the instant case, no opportunity was given to the petitioner for a rehearing after the confession of error and remand by the Supreme Court of Arizona in case number 8094. For that reason, as we previously held, the award in 1 CA–IC 30, formerly Supreme Court number 8094, pursuant to order of the Supreme Court of Arizona, dated 7 January, 1964, is hereby set aside, and the award in 1 CA–IC 31, formerly 8031, is hereby set aside." Nye v. Industrial Commission, 2 Ariz.App. 279, 408 P.2d 41 (1965).

The matter was returned to the Commission and the Commission through its attorney wrote petitioner's counsel in part as follows:

"The Legal Department's review of the above files has resulted in the opinion that the case in its present state should be resubmitted to the Court of Appeals for a decision on the merits and not on technicalities which so far have stood in the way. Therefore, we are about to recommend that the Findings and Award for Non-Compensable Claim be issued by the Commission with a twenty (20) day clause, thus giving the claimant the right to protest and petition for a rehearing. This would afford the claimant an opportunity for a new hearing in accordance with the Modified Opinion of the Court of Appeals.

"Before making such recommendation, however, we first wish to extend to you the opportunity of requesting an early hearing at this time, should you consider one advisable, thereby eliminating the issuance of the Award and necessity for protest and petition. You may, however, prefer to have the Award issued and the case referred back to the Court of Appeals for a decision on the merits without further evidence or hearing."

Petitioner's attorney replied in part as follows:

"My feeling about an additional hearing at this time is that it would be futile. The facts of this case have already been fairly presented and the only reasonable conclusion to be drawn from the facts in my opinion is that Mr. Nye is entitled to an award for compensability."

As the previous opinions of this Court indicated, Mr. Nye had the opportunity of presenting further evidence before the Commission as the result of the decision of the Court of Appeals. Mr. Nye, through counsel, declined not to present further evidence and the Commission, based on the record before it, determined that this was a non-compensable award.

As we have previously stated, it is the function of the Court of Appeals when petitioned to review an Industrial Commission award to determine whether the evidence before the Commission is sufficient to reasonably support their decision and not to try the case anew. Nelson v. Industrial Commission, 2 Ariz.App. 403, 409 P.2d 562 (1966); Everett v. Industrial Commission, 3 Ariz.App. 145, 412 P.2d 487 (1966). The petitioner has the burden of proving that he is entitled to compensation. Lewis v. Industrial Commission, 2 Ariz.

App. 522, 410 P.2d 144 (1966). The privilege and duty of resolving conflicts in evidence rests on the Industrial Commission. Eck v. Industrial Commission, 1 Ariz.App. 505, 405 P.2d 296 (1965). The record in this case is replete with conflicts and inconsistencies. The Commission has discharged its privilege and duty and resolved the conflicts and inconsistencies against the petitioner. Despite the opportunity given the petitioner he has not presented further evidence to sustain his position.

 From reading the file before us it is the opinion of this Court that the evidence reasonably supports the award and finding of the Commission.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.