445 P.2d 184

**Francisco S. ZARAGOZA (Deceased), Maximaiana M. Zaragoza (Widow), Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona and Phelps Dodge Corporation, Respondents.**

**No. I CA–IC 185.**

Court of Appeals of Arizona.

Sept. 24, 1968.

Rehearing Denied Oct. 25, 1968.

Review Denied Dec. 17, 1968.

Finn & Meadow, by R. Y. Thrasher, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, by Stephen W. Pogson, Phoenix, for respondent Phelps Dodge Corp.

Robert D. Steckner, Chief Counsel, by Glen D. Webster, Jr., Phoenix, for respondent Industrial Commission.

CAMERON, Chief Judge.

This case is before the Court by writ of certiorari brought by the widow of the deceased employee to review the lawfulness of

an award and findings of the Industrial Commission which denied death benefits to her.

The question presented to this Court is whether the decedent's death was caused by an accident arising out of and in the course and scope of his employment.

The facts necessary for a determination of this matter are as follows. The decedent was performing his duties as a refiner-pourer in the employment of the respondent, Phelps Dodge Corporation, on 26 February 1964. He was working the 3:00 p. m. to 11:00 p. m. shift and took the customary break at 7:00 p. m. to eat his dinner. Approximately 20 to 30 minutes after eating he climbed approximately 8 steps to the platform on the floor where he worked. About one-half hour thereafter he was observed to appear sick, and was taken to a hospital where he died the following day, 27 February 1964. The decedent was 59 years old at the date of his death. An autopsy was performed and it disclosed that the cause of death was a dissecting aneurysm of the ascending aorta with cardiac tamponade.

This Court set forth the criterion necessary to establish a claim for death benefits in Thiel v. Industrial Commission, 1 Ariz. App. 445, 404 P.2d 711 (1965), as follows:

> " 'In order to establish a compensable claim petitioner must sustain the burden of proving a recognizable causal connection between the employment and the accidental injury * * *. This fact must be the only possible inference drawable from the evidence in order for us to set aside the award denying compensation.' Hudgens v. Industrial Commission, 83 Ariz. 383 at 384, 321 P.2d 1039 at 1040 (1958)."

Three doctors testified at formal hearings in the instant case. Dr. Brucker, the pathologist who performed the autopsy, testified responding to a question as to whether exertion would have an effect on the cause of decedent's death, as follows:

> "I can't answer that. I don't know. I don't know whether anything makes

any difference, to be honest, with this sort of situation."

As to the relationship between the activity of the climbing of the stairs and the onset of the dissecting aneurysm Dr. Brucker said, "I don't know".

Dr. Cohen, an internist, steadfastly maintained that a dissecting aneurysm is precipitated by exertional activity. It was Dr. Cohen's opinion that the decedent's climbing of the stairs was causally related to the dissection of the aneurysm.

Dr. Richter, a cardiologist, testified that in his opinion physical exertion played no part in the dissecting aneurysm and did not do so in this instance.

It is clear that there was a conflict in the medical evidence before the Commission. We have stated, "The privilege and duty of resolving conflicts in evidence rests on the Industrial Commission." Nye v. Industrial Commission, 5 Ariz.App. 165, 167, 424 P.2d 207, 209 (1967). See also Garrison v. Industrial Commission, 5 Ariz.App. 177, 424 P.2d 468 (1967). An award based on conflicting medical testimony will not be disturbed. Smiles v. Industrial Commission, 2 Ariz.App. 167, 406 P.2d 885 (1965).

The petitioner in her brief and at oral argument stressed the fact that Dr. Richter in his testimony indicated that he was in part relying upon an article in a medical journal, and that petitioner should have been allowed another hearing in order to cross-examine Dr. Richter on the article or to introduce new testimony. The hearing at which Dr. Richter testified was held on 24 January 1967 and at that hearing no request was made for a continuation for the purpose of cross-examining Dr. Richter further. This hearing was the 6th hearing held by the Commission and petitioner's attorney had an opportunity and did cross-examine Dr. Richter at that time. It was not until after the Referee's Report of 23 August 1967 that the petitioner in the objection to the Referee's Report made this request. The Commission denied the request for hearing indicating that six for-

**238**

mal hearings had previously been held. It is the opinion of the Court that the request for a continuation made following an unfavorable Referee's Report and the award of 4 October 1967 was not timely.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.