459 P.2d 92

**Paul BURCH, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Tom Sharp Caterers and Cabana Resort, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 178.**

Court of Appeals of Arizona, Division 1.

Department A.

Sept. 29, 1969.

Rehearing Denied Nov. 6, 1969.

Review Denied Dec. 16, 1969.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Michael A. Lasher, Jr., Former Chief Counsel, Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by R. Kent Klein, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

The petitioner appeals from an award and finding of the Industrial Commission issued October 11, 1967, which found that as a result of his industrial injury of August 31, 1962, the petitioner has permanent impairment of his sense of smell (anosmia), but has no measurable disability rating as a result thereof, and further, that the impairment of his sense of smell does not affect his earning capacity and he is therefore not entitled to compensation.

Petitioner was injured in an automobile accident in the course and scope of his employment in 1962, when he was thrown from the vehicle and sustained multiple injuries which included a concussion, fracture of head of left fibula, fracture of right ankle, hematoma in left trochanter area, a large bruise on his thigh, plus other contusions. He received extensive accident benefits, medical treatment and therapy from the date of the accident through January 22, 1964.

Petitioner contends that he has sustained his burden of proving that he suffers a permanent disability to his right leg, and that his loss of sense of smell constitutes a general disability which should be rated as such; that the combination of these two disabilities has caused him to suffer a loss of earning capacity for which he should be compensated.

■ In reviewing awards of the Industrial Commission, they will be sustained if reasonably supported by the evidence, and an award based on conflicting medical testimony will not be disturbed on appeal. Baum v. Industrial Commission, 98 Ariz. 396, 405 P.2d 880 (1965); Bratton v. Industrial Commission, 8 Ariz.App. 159, 444 P.2d 450 (1968); Zaragoza v. Industrial Commission, 8 Ariz.App. 236, 445 P.2d 184 (1968).

The petitioner was discharged by his attending physician in January 1964, as noted in a letter in which the doctor explained to the Commission that petitioner's symptoms were subjective, and that he had

been unable to elicit any objective findings. Subsequent to this, on January 5, 1965, as the result of a petition for rehearing, petitioner was seen in consultation by a medical examining board. The board reported that as the result of their examination there was no objective evidence to relate the petitioner's subjective complaints of pain to the accident of August 31, 1962. They could demonstrate no objective symptoms.

In October 1965 petitioner had an independent examination made by Dr. John A. Eisenbeiss, who wrote a letter to the Commission saying that neurologically there were no organic evidences of disease, and that petitioner's reflexes were all present and active. In this letter he recommended psychiatric evaluation. The commissioner granted this request, and petitioner was seen by Dr. Richard E. H. Duisberg, who reported that petitioner was basically lacking in drive and incentive. He found no psychiatric disability due to the industrial injury.

All the medical evidence with relation to petitioner's loss of sense of smell carries the caveat that the tests available are strictly subjective with the petitioner, and that no objective tests are available to make this determination. The Commission, however, has found that petitioner does suffer from a loss of sense of smell, and that this does constitute a disability arising out of and in the course and scope of his employment.

It is the opinion of this Court, after a review of the entire record, that the award of the Commission is reasonably supported by the evidence. The award accepted the loss of the sense of smell as an industrial injury, although it did not assign a percentage of disability to that loss at the time of the award. The award also set forth that at that time the loss of sense of smell had caused petitioner no loss of earning capacity. The award continued with a paragraph retaining jurisdiction to alter or amend the award upon the showing of (a) a change in physical condition; (b)

a reduction in earning capacity; or (c) a showing that his earning capacity has increased.

The petitioner is protected by the finding that the loss of sense of smell constitutes a disability and if, in the future, this disability causes a change of condition which would warrant its being assigned a percentage disability rating, proper procedural avenues are open to petitioner to accomplish a reopening of his claim, and a reevaluation for compensation purposes

Award affirmed.

STEVENS and CAMERON, JJ., concur.