464 P.2d 814

Carleton A. INGLIS, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Phoenix Coca-Cola Bottling Company, Inc.,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 208.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 10, 1970.

Rehearing Denied March 10, 1970.

Review Denied April 14, 1970.

Richmond, Ajamie, Fay & Warner, by Jack C. Warner and C. Richard Potts, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued 17 April 1968 which found that the petitioner, Carleton A. Inglis, had no disability as the result of an industrial injury.

The petitioner was employed by the Coca-Cola Bottling Company in the capacity of a route salesman on 22 September 1964. He had been employed in that capacity by the same employer for approximately 17 years prior to that date. On that day, while engaging in transporting six Coca-Cola cases on a hand truck over a curb, he twisted his back. He received medical treatment for an injury which was diagnosed as a sprain and strain to the lumbosacral area of the back. He continued to work for the employer while he was being treated for his injury, until he was terminated on 31 December 1964 because

of "inability to perform duties assigned to him".

The petitioner contends that he is permanently disabled from work as the result of a series of minimal traumas which occurred to his back in the course and scope of his 17 years of heavy labor in lifting soft drink cases and moving soft drink holding machines.

The medical evidence is in agreement that the petitioner suffers from an osteoarthritic condition which disables him from doing heavy work. There is, however, substantial disagreement among the doctors as to whether or not his employment situation caused, aggravated, or precipitated this condition.

The Commission determined that the petitioner's disability was not the result of the injury of 22 September 1964 or otherwise related to his employment. We cannot say that this determination by the Commission is not reasonably supported by the evidence.

We have held that when a condition has developed gradually over a period of time, resulting in a definite though unexpected injury or disease which is definitely work-connected, then said injury or disease may be the result of an "accident" within the terms of our Workmen's Compensation Act and is compensable. Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965). In such cases, however, it is necessary to establish that the resulting disability is in fact causally related to his employment. We do not feel that the petitioner has sustained his burden of showing that there is a causal connection in this case. Nye v. Industrial Commission, 5 Ariz.App. 165, 424 P.2d 207 (1967).

The award of the Commission being reasonably supported by the evidence, it is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.