464 P.2d 827

**Max TROPP, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**
**Jerry's Mustang Bar, Respondent Employer,**
**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 262.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 10, 1970.

Gorey & Ely, by Jeffrey D. Bonn, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, · for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission of Arizona which found that the defendant suffered a permanent partial disability equal to a 20% loss of function of the right leg and made a scheduled award for said disability.

We are called upon to determine whether the petitioner presented sufficient evidence to show an additional injury to the left leg as a result of the injury to the right leg which would convert the award from the scheduled category (A.R.S. § 23–1044, subsec. B) to the unscheduled category ·(A.R.S. § 23–1044, subsecs. C & D).

The facts necessary for a determination of this matter on appeal are as follows. · Petitioner was injured 30 September 1966 when he slipped and fell while on the job as a bartender. His right leg was broken and after the cast was removed it became apparent that as a result of the injury to the right leg, the leg was shortened. The medical report of 4 August 1967 stated:

"Patient seen this date. He is doing well. He is having complaints of dis-
· comfort in the opposite lower extremity."

On 1 September 1967 the medical report contained the following:

"Patient has left leg sciatica perhaps related to the fact that he has leg length discrepancy due to the fracture of his right tibia. Given prescription for heel and sole lift for the right shoe."

On 18 September 1967 the medical report contained the following notation:

"Patient's sciatica has been relieved to some extent by elevation of the right shoe which equalizes his leg length discrepancy."

By 16 October 1967 the medical report contained the following:

"Patient seen this date. He is doing well. He is released to regular work, as of 11/1/67."

· On 15 January 1968 the doctor filed the following report:

"Patient has reached a stationary point. I feel he has a functional loss of the right lower extremity secondary to the fracture with resultant ½" shortening and chondromalacia of the patellofemoral articular surfaces equivalent to 20% of the affected leg.

"This case may, therefore, be closed with the disability as stated."

The findings and award for scheduled permanent disability was issued 31 January 1968. After protest and motions, a hearing was held 27 November 1968 at which time the petitioner testified that · he still suffered pain in his left leg which · he claimed resulted in difficulty in walk-

ing. No attempt was made to provide the Commission with any additional medical testimony which would indicate to them that they were in error in not determining that there was a disability of the left leg as a result of the industrial accident.

The medical reports in the file indicate that while there was an early sciatica it may well have been cured during treatment. The later medical reports contain no mention of a disability to the left leg.

 The claimant has the burden of proof in establishing his right to compensation. Nye v. Industrial Commission, 5 Ariz.App. 165, 424 P.2d 207 (1967). The petitioner having failed to present any further evidence though given an opportunity to do so failed to sustain his burden of proof and we cannot say that the award of the Commission is not reasonably supported by the evidence.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.