466 P.2d 785

Elijio FLORES, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Southwest Forest Industries, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA-IC 299.

Court of Appeals of Arizona, Division 1, Department A.

March 24, 1970.

Rehearing Denied May 8, 1970.

Review Denied June 2, 1970.

Gorey & Ely, by Stephen S. Gorey, and Sherman R. Bendalin, Phoenix, for petitioner.

Stevenson, Warden & Smith, by William W. Stevenson, Flagstaff, for respondent employer.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for respondent Carrier State Compensation Fund.

STEVENS, Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission issued 23 April 1969, denying reopening of the petitioner's claim, and finding that he had failed to sustain his burden of showing that he suffered a new, additional, or previously undiscovered disability. The petitioner was employed by the respondent, Southwest Forest Industries, Inc., as a woodsman in the company's logging operation. He had been employed in this capacity for a period of some 16 years. During this period of time, he had suffered various compensable injuries. The first occurred in April 1951, and was diagnosed as a contusion of the back of his head. He missed only one day's work on this occasion. The second injury occurred in May of 1952. This injury was diagnosed as a sprained back and caused the petitioner to lose about 10 days' work. A third injury occurred in May 1961, which was diagnosed as a back sprain and which caused the petitioner to lose approximately 15 days of work.

In early April 1967, following the winter shutdown, the respondent employer was about to resume its logging operation, and was rehiring woods employees. The petitioner applied and was sent to Dr. Carl E. Shrader for a physical examination.

Dr. Shrader reported to the company that the petitioner was unemployable due to an inguinal hernia and chronic osteoarthritis of the whole lumbar spine with probable L4–5 disc damage. Subsequent to this doctor's report, the petitioner sought to reopen his claim, alleging that he had suffered back symptoms since 1951. This petition was denied by a findings and award issued 12 June 1967. The petitioner was seen in group medical consultation on

11 August 1967, by Dr. P. E. Palmer, Dr. Howard P. Aidem and Dr. Abraham Ettleson who reached the following conclusion:

> "* * * [i]t is the opinion of the consultants that the patient's present condition is related to the degenerative joint disease of the lumbar spine. In view of the nature of the degenerative process, it is not felt that it can be directly attributable to either of the three injuries mentioned previously. Therefore, the present condition is not directly attributable to the injuries in question.
>
> "No treatment as an industrial responsibility is indicated in view of the lack of relationship between his present complaints and his history of injury."

 Based upon this consultation report, the Commission issued an award denying reopening of the claim. This was timely protested, and hearings were held in September and November of 1968. At the hearings, the three doctors who made up the consultation board were called to testify. Their testimony was in agreement that the petitioner suffers from an osteoarthritic condition which is disabling. However, there was a substantial conflict in the medical evidence as to whether the petitioner's previous injuries caused or aggravated this condition, or whether the petitioner's condition was caused or aggravated by a series of minimal traumas incident to his duties in the ordinary course of his employment. The privilege and duty of resolving conflicts in evidence in compensation proceedings rests on The Industrial Commission. Garrison v. Industrial Commission, 5 Ariz.App. 177, 424 P.2d 468 (1967); Nye v. Industrial Commission, 5 Ariz.App. 165, 424 P.2d 207 (1967). An award based on conflicting medical testimony will not be disturbed on appeal. Zaragoza v. Industrial Commission, 8 Ariz.App. 236, 445 P.2d 184 (1968). As this Court stated in Inglis v. Industrial Commission, 11 Ariz.App. 368, 464 P.2d 814 (February 10, 1970), we have held that when a condition has developed gradually over a period of time, resulting in a definite though unexpected injury or disease which is definitely work connected, then said injury or disease may be the result of an "accident" within the terms of our Workmen's Compensation Act and compensable. In such cases, however, it is necessary to establish that the resulting disability is in fact causally related to the employment.

 As in Inglis, it is our opinion in the matter now before us that the petitioner has not sustained his burden of showing that there is a causal connection between his present condition and his employment.

The award of the Commission, being reasonably supported by the evidence, is affirmed.

DONOFRIO and CAMERON, JJ., concur.