484 P.2d 1068

**Bertha Louise HERSHNER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**General Electric Company, Respondent Employer,**

**Electric Mutual Liability Insurance Company, Respondent Carrier.**

**No. I CA–IC 510.**

Court of Appeals of Arizona, Division 1, Department B.

May 17, 1971.

**540**

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Phoenix, for respondent, The Industrial Comm. of Ariz.

John S. Schaper, Phoenix, for respondent, Electric Mutual Liability Ins. Co.

EUBANK, Judge.

We granted our writ of certiorari to review the validity of the award and findings of The Industrial Commission of Arizona which awarded petitioner temporary disability benefits in the form of medical expenses.

Although the petitioner states the question before us in different terms, the real question is whether the medical evidence before the Referee and Commission was in conflict, as respondent carrier contends, or whether the evidence establishes that the injury was caused by, "The pathological and ineluctable facts adduced only after surgery * * * [which is] the only substantial evidence of the aggravation by the injury. * * *", as contended by the petitioner.

The petitioner was operated on in June 1967 for the removal of a lumbosacral disc, which was non-work connected. She returned to work for the respondent employer as an assembler. Six weeks later, on October 17, 1967, "While putting 'jumpers' on cabinet unit while standing on low stool I took step back to get down and fell backward over a spool of wire which was on floor". She complained of an aching pain at the base of her spine and was sent to Dr. W. B. Helme, the surgeon, who performed the prior surgery, who diagnosed the injury as a lumbosacral sprain. The record thereafter reveals numerous examinations by numerous doctors, none recommending surgery. Finally, on June 4, 1969, she was operated on by Dr. B. L. Gregory who performed, "* * * a hemilaminectomy at the L–4 and L–5 level with excision of nucleus pulposus and removal of adhesions at L–4." He testified that in his opinion this injury resulted from the October 17, 1967, fall. Dr. James D. Alway testified that petitioner's hemilaminectomy was not a result of the October 17th fall but was the result of a degenerative disc disease.

Our review of the file shows a definite conflict in the medical testimony, which as the respondent carrier notes:

"'* * * The privilege and duty of resolving conflicts in evidence in compensation proceedings rests on The Industrial Commission. (citations omitted) An award based on conflicting medical testimony will not be disturbed on appeal. Zaragoza v. Industrial Commission, 8 Ariz.App. 236, 445 P.2d 184 (1968). * * *' (Flores v. Industrial Commission, 11 Ariz.App. 566, 466 P. 2d 785 (1970))"

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.