324

488 P.2d 680

Sidney F. SCHLENKER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Phelps Dodge Corporation, New Cornelia
Branch, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 524.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 23, 1971.

Morgan & Jerome, by D. A. Jerome,
Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The
Industrial Comm. of Ariz., Phoenix, for respondent.

Evans, Kitchel & Jenckes by Stephen W.
Pogson, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel by J.
Victor Stoffa, Phoenix, for State Compensation Fund.

CASE, Judge.

This is a writ of certiorari to determine the lawfulness of a decision upon hearing and findings and award for scheduled permanent disability. Petitioner specifically questions the Commission's determination that petitioner's disc disease and hypertension are not related to the industrial injury.

Petitioner, a locomotive engineer, was injured on July 2, 1966, when he jumped off a train traveling 30 miles per hour after an equipment failure. On October 18, 1967, the Commission issued findings and award for temporary disability which was properly protested. A hearing was held on April 26, 1968, at which time it was determined that petitioner should undergo further tests. A further hearing was held on January 12, 1970, and the matter then submitted to the Commission which issued the decision challenged herein.

After reviewing the entire lengthy file, we are convinced the findings and award of the Commission is reasonably supported by the evidence. Accordingly, we will recite some of the evidence which is supportive of the award.

Prior to September 18, 1967, various physicians indicated that petitioner suffered from depression, though none causally related the depression to his industrial episode. On the above date petitioner was examined in consultation by five physicians who indicated there was no definitive psychiatric disability at that time. The consultation report of three different physicians following an examination on December 5, 1968, indicated that the petitioner "shows evidences of a degenerative disease

·of the·entire man, and associated hypertension, which is not of injury origin." These reports, together with Dr. Anderson's, a psychiatrist, letter of June 9, 1970, indicating petitioner to be in good spirits, not depressed, and in no need of psychotherapy, are evidence which supports the Commission's award regarding the petition's mental condition.

Regarding his discogenic disease, though there was some indication of narrowing at L4–L5, this was said to be common in a man 57 years of age with existing arthritis of a degenerative nature. Moreover, none of the various consultation reports indicate any industrially related disc disease and to the contrary, the consultation report of December 5, 1968, indicated a non-industrially related degenerative disease of the entire man.

█ We note there is some evidence supporting petitioner's position, but we are bound by the Commission's resolution of such conflicts. Mead v. American Smelting & Refining Co., 90 Ariz. 32, 363 P.2d 930 (1961); Flores v. Industrial Commission, 11 Ariz.App. 566, 466 P.2d 785 (1970).

Accordingly, the award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.