490 P.2d 16

Webster KILKENNY, Jr., (Deceased), Roberta Kilkenny (widow), Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Leggett & Platt, Inc., Respondent Employer, State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 606.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 8, 1971.

Rehearing Denied Dec. 2, 1971.

Review Denied Jan. 4, 1972.

---

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Harlan J. Crossman, Phoenix, for respondent employer and respondent carrier.

CASE, Judge.

At the time of his demise, Webster Kilkenny, Jr. was employed as a truck driver.

On the morning of June 4, 1969, the decedent, Kilkenny, experienced abdominal pains which apparently subsided sufficiently to permit him to begin a trip for his employer driving a truck from Phoenix, Arizona to Salt Lake City, Utah. He departed Phoenix at about 5:00 a. m. on June 4 and proceeded toward Salt Lake via Flagstaff. The abdominal pains became worse as he was traveling and eventually became quite severe after he had left Flagstaff early on the morning of June 5. He managed to drive his truck to an inspection station at Page, Arizona. He called his employer and asked for a relief driver. He was taken to the hospital at Page where he arrived about 7:55 a. m.

He was examined by Dr. Ivan W. Kazan upon his admission to the hospital and re-examined at 12:45 p. m., 6:15 p. m. and 6:30 p. m. It became apparent that the decedent was suffering from acute appendicitis and that emergency surgery was necessary. He was operated upon late in the evening when an anesthetist became available, the operation commencing at 8:15 p. m. and terminating at approximately 10:05 p. m. About ten minutes after the anesthesia was terminated and while the decedent was being removed from the operating table, he went into cardiac arrest and was declared dead some 45 minutes later. The postmortem report disclosed the lesions from the appendectomy and a diagnosis of coronary occlusion of the left coronary artery. It likewise appeared that the patient had had a preexisting slight arteriosclerosis of the coronary arteries and the abdominal aorta at its bifurcation.

The widow of the deceased filed a claim for benefits and on December 17, 1969, her claim was denied by the State Compensation Fund. This award was timely protested and two hearings were held. The hearing officer thereupon entered a decision upon hearing and findings and award denying widow's claim. On November 24, 1970, the Commission, pursuant to a petition for review, entered a decision upon review affirming decision upon hearing and findings and award denying widow's claim. It is from that award that the petitioner appeals.

Petitioner contends that the demise of the deceased was aggravated or precipitated by his employment.

The thrust of petitioner's argument is that the decedent's employment was stressful and that it brought on and aggravated both the progress of the appendicitis and the subsequent strain to his cardiovascular system which caused his demise. We do not agree.

While a résumé of the medical testimony might prove academically interesting, we do not feel it necessary to our determination of the issue here involved. Suffice it to say that we find reasonable evidence to substantiate the award. Any alleged cause or relationship or the precipitation or aggravation of said heart condition as related to the deceased's employment activities is

in our opinion, after reviewing the evidence, purely speculative and conjectural, and an award cannot be made upon such speculative possibilities. Helmericks v. Airesearch Manufacturing Co. of Ariz., 88 Ariz. 413, 357 P.2d 152 (1960); Cross v. Industrial Commission, 81 Ariz. 222, 303 P.2d 710 (1956). We repeat the oft repeated phrase that where there is a conflict in the evidence, the Commission has the duty of resolving the conflict, Hewett v. Industrial Commission, 72 Ariz. 203, 232 P.2d 850 (1951); Zaragoza v. Industrial Commission, 8 Ariz.App. 236, 445 P.2d 184 (1968), and said resolution will not be disturbed on appeal even if this Court as the trier of fact would have reached a different conclusion on the evidence. Salmi v. Industrial Commission, 3 Ariz.App. 411, 415 P.2d 126 (1966).

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.