500 P.2d 1143

**William COWAN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Safford Municipal Utilities, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 609.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 19, 1972.

Anderson, Welker & Flake by Dudley S. Welker, Safford, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Comm.

Robert K. Park, Chief Counsel, State Compensation Fund by Ronald M. Meitz, Machmer & Schlosser, Ltd., Phoenix, for respondent Employer and respondent Carrier.

HAIRE, Chief Judge, Division 1.

Two contentions are raised in this review by certiorari of an award entered by the Industrial Commission finding that the petitioner was not entitled to a permanent disability award.

It is first contended that the medical evidence presented before the entry of the award denying permanent disability benefits does not support that award. We have reviewed the record and find that although petitioner's continued complaints of pain and disability were well substantiated by the medical testimony, there is ample medical evidence from which the hearing officer and the Commission could have found, and did find, that petitioner's disability (beyond that covered by the temporary disability award), was not causally related to his industrial injury or the subsequent surgical treatment thereof. Such being the case, we will not fur-

ther discuss petitioner's first contention, since the Commission's resolution of conflicts in medical evidence is binding on this Court. Marquez v. Industrial Commission, 499 P.2d 747 (Ariz. Court of Appeals, filed July 18, 1972); Hershner v. Industrial Commission, 14 Ariz.App. 539, 484 P.2d 1068 (1971).

The second contention raised in petitioner's behalf requires a more detailed discussion. The Commission's award in this matter was entered on December 2, 1970, and petitioner timely filed his application for writ of certiorari on December 30, 1970. Thereafter, petitioner died on April 1, 1971, and an autopsy was performed on April 3, 1971. Counsel for petitioner has attached to his opening brief a copy of the death certificate and autopsy report.[1] Counsel states in his opening brief:

"Counsel for petitioner has informally requested the Industrial Commission either to remand this matter for further testimony of the physician who performed the autopsy and the physician who treated the petitioner in his final illness and assisted in the autopsy to determine the significance of the autopsy and petitioner's death in relation to his prior injury, or that the matter be reopened. Petitioner's attorney has been advised that if the matter is reopened, that any claim for compensation up to the time of the reopening is waived and that the matter will not be remanded unless the consent of the attorney for the State Compensation Fund is obtained.

The attorney for the State Compensation Fund has advised petitioner's attorney that he will not consent to the matter being remanded until there is substantial evidence that the petitioner would prevail upon such additional hearing."

■ From the foregoing it appears that the essence of petitioner's second contention is that neither the pertinent statutes nor the procedural rules adopted by the Commission contain any provision relating to newly discovered evidence comparable to the provisions of Rule 60(c), Rules of Civil Procedure.[2] We agree. A.R.S. § 23–943, subsec. H specifically provides that an award of the Commission is final unless within 30 days after the date of mailing of copies of such award to the parties, one of the parties applies to the court of appeals for a writ of certiorari pursuant to A.R.S. § 23–951. As petitioner's counsel points out in his brief, there is no Commission rule which purports to create an exception to this rather direct statutory language.[3] As we have previously stated, we are of the opinion that Rule 60(c) is not applicable to Industrial Commission matters to mitigate against or eliminate the *res judicata* effect of Commission awards. Verdugo v. Industrial Commission, 14 Ariz.App. 79, 480 P.2d 996 (1971). However, the workmen's compensation *statutes* do make some provision for mitigating the *res judicata* effect of Commission awards by providing a remedy for reopening a claim "upon the basis of new, additional or previously undiscovered tem-

---

1. The respondent State Compensation Fund has filed a motion to strike these documents from the record and also to strike that portion of the opening brief relating thereto. The Court's ruling on this motion is set forth in the last paragraph of this opinion.

2. Rule 60(c), Rules of Civil Procedure, 16 A.R.S., applicable in both civil and criminal proceedings, reads in pertinent part as follows:
   "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final

judgment, order or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); . . . . The motion shall be made within a reasonable time, and for reasons . . . (2) . . . not more than six months after the judgment, order or proceeding was entered or taken."

3. We do not express an opinion as to whether such a rule, if adopted by the Commission, would be valid.

porary or permanent condition". *See* A.R.S. § 23–1061, subsec. H. Further, we point out that A.R.S. § 23–1046 provides certain death benefits for designated beneficiaries in case of an injury causing death. Of course, since the question is not before us, we do not intimate whether death benefits might be payable under the state of facts relating to petitioner's death which might hereafter be properly presented to the Commission by the appropriate beneficiaries.

■■ In the above-quoted excerpt from petitioner's opening brief counsel complains that the attorney for the State Compensation Fund would not stipulate to have this matter "remanded" to the Industrial Commission for further hearings. We assume for the purposes of this opinion that by formally consenting thereto, the parties can validly waive the finality of the Commission's previously entered award and revest jurisdiction in the Commission for further proceedings relating to that prior award. It appears from petitioner's brief that the attorney for the State Compensation Fund has indicated that he would have consented to a remand if there were "substantial evidence that petitioner would prevail upon such additional hearing". Be that as it may, and even assuming the existence of such substantial evidence, this Court cannot force an attorney to waive the validly existing rights of his client. By this comment we do not in any way criticize counsel for the State Compensation Fund. The autopsy report, on its face, appears to be entirely consistent with the Commission's award and inconsistent with petitioner's claim.

In conclusion, we hold that the award of the Commission must be affirmed, and that the matters presented in petitioner's opening brief relating to events occurring after the Commission's award and not reflected in the evidence presented to the Commission prior to its award, are not properly before this Court. Accordingly, respondent's motion to strike the death certificate, autopsy report and portion of petitioner's opening brief commencing with page 12 thereof is hereby granted.

Award affirmed.

EUBANK and JACOBSON, JJ., concur.