519 P.2d 220

Valdemar A. YANEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Town of South Tucson, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 917.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 26, 1974.

Rehearing Denied April 5, 1974.
Review Denied April 30, 1974.

---

Bernard I. Rabinovitz, James S. Dix, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Dee-Dee Samet, Phoenix, for respondent employer and respondent carrier.

## OPINION

STEVENS, Judge.

Two questions are raised in this writ of certiorari. The first is whether the facts presented by the petitioner are sufficient to raise a presumption of an impaired earning capacity at the time of incurring a scheduled injury, so that the petitioner may receive an unscheduled award under A.R.S. § 23–1044(E). The second question is whether, absent such a presumption, there is sufficient evidence in the record to support the hearing officer's finding that no previous disability existed.

On 3 October 1969 the petitioner was standing on top of a garbage truck in the course of his employment for the City of South Tucson. While performing his assigned tasks he fell from the truck and injured his left knee. After preliminary treatment, on 2 July 1970 the left knee was fused, leaving the petitioner with a 75% loss of junction in his left knee. On 29 June 1971, when it appeared that the petitioner's condition had stabilized, he was awarded 50% of his average monthly wage for 37½ months, pursuant to A.R.S. § 23–1044(B)(21). On 20 August 1971 the petitioner filed an objection to the award, stating that he was entitled to an unscheduled award pursuant to A.R.S. § 23.-1044(E).

On 13 December 1971 a hearing was held. The petitioner testified that he had suffered an abdominal wound while in the armed forces in World War II, and that he was discharged with a 30% disability. He also stated that his abdominal wound caused him pain after heavy work, requiring him to rest, and that this caused him to

be released from one construction job. On cross-examination the petitioner testified that since his discharge he had earned his livelihood at manual labor, doing heavy construction work, often more than eight hours per day. His job with the City of South Tucson required him to lift garbage cans of 30 lbs. or more which he performed satisfactorily. In giving his history to his physician on the day of the accident, the petitioner told the doctor that he had no subsequent problems from his abdominal surgery in World War II. He was hospitalized in 1953 for gastroenteritis, but the etiology of that disease was not established.

The petitioner first argues that his rated disability from the armed forces should have the same affect as a scheduled award under A.R.S. § 23–1044(B), and that the succession of scheduled awards should yield an unscheduled award under Ronquillo v. Industrial Commission, 107 Ariz. 542, 490 P.2d 423 (1971). We do not agree.

The principle which requires that multiple scheduled injuries be regarded with respect to their "complete affect" on the workman is well established in Arizona. For a description of the rationale behind the principle, see Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396 (1935).

Under the rationale of Ossic v. Verde Central Mines, and by the express terms of A.R.S. § 23–1044(E), a workman suffering from a previous impairment to his earning capacity who suffers an injury described in A.R.S. § 23–1044(B) may prove the extent of his overall disability, and receive compensation for the incremental disability resulting from the injury, rather than the compensation described in the schedule. The general rule regarding cases brought under A.R.S. § 23–1044(E) is that the claimant bears the burden of proving his impaired earning capacity at the time of the injury. Tropp v. Industrial Commission, 11 Ariz.App. 381, 464 P.2d 827 (1970). Two notable exceptions to this rule exist, in which the claimant re-

ceives the benefit of a presumption of an impaired earning capacity. They are clearly described in Ronquillo v. Industrial Commission, supra.

"We hold that where there is a prior, scheduled industrially related injury the Commission may not ignore the previous injury when the workman suffers a second injury * * *. In the case of a prior nonindustrially related injury which would have been a scheduled award had it been industrially related there is a presumption that the prior injury had an affect on the earning capacity of the workman at the time of the second injury * * *." 107 Ariz. at 544, 490 P.2d at 425.

Both presumptions arise from impairments which were or would have been scheduled injuries. See e.g., McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955) (loss of leg in non-industrial setting and subsequent sprain in other leg); Edwards v. Industrial Commission, 3 Ariz.App. 290, 413 P.2d 800 (1966) (loss of left arm in non-industrial setting and subsequent injury to right arm); Yount v. Industrial Commission, 20 Ariz.App. 527, 514 P.2d 250 (1973) (congenital impairment of use of foot and subsequent injury to arm); Sutton v. Industrial Commission, 16 Ariz. App. 334, 493 P.2d 501 (1972). Granting a presumption for these types of injuries is consistent with the rest of the compensation scheme. The schedule describes the compensation to be awarded for certain *permanent* partial disabilities, thus expressly recognizing the continuing existence of an impaired earning capacity. The scheduled compensation is a liquidated settlement for the continuing disability. It would be inconsistent to recognize the existence of an impairment which is or would be scheduled, and then state that the claimant's earning capacity is unimpaired under A.R.S. § 23–1044(E) at the time of a subsequent injury.

We hold that anyone seeking a presumption of an impaired earning capacity in order to receive the unscheduled award

■■■■■■■■■

described in A.R.S. § 23–1044(E) must show a prior impairment which was or would have been a scheduled award under A.R.S. § 23–1044(B), and that whether or not the presumption is conclusive depends on whether the scheduled disability resulted from industrially related conditions.

■■■■■ The abdominal wound suffered by the claimant would not have been scheduled under A.R.S. § 23–1044(B) so no presumption of impaired earning capacity arises in favor of the claimant. We note the facts set out earlier in the opinion.

We further note that no evidence was introduced concerning wages the petitioner earned before entry into the service, or after his discharge. In view of all of these facts, we hold that the hearing officer had substantial evidence before him upon which to base his conclusion that the petitioner was not suffering from an impaired earning capacity at the time he suffered his scheduled injury.

The award is affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.