NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

EDGAR FAUSTINO, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

KEITH & SHARMA MULQUEEN, *Respondent Employers*,

SPECIAL FUND DIVISION/NO INSURANCE SECTION,
*Respondent Party in Interest.*

No. 1 CA-IC 16-0071
FILED 6-15-2017

---

Special Action - Industrial Commission
ICA Claim No. 20161-270265
Carrier Claim No. NONE
C. Andrew Campbell, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Edgar Faustino, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent Industrial Commission of Arizona*

Welsh Law Group, PLC, Phoenix
By Kenneth W. Welsh, Jr., Keely Verstegen
*Counsel for Respondent Employers*

ICA Special Fund Division/No Insurance Section, Phoenix
By Afshan Peimani
*Counsel for Respondent Party in Interest*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

**¶1**         This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review finding the claim of Petitioner-Employee Edgar Faustino barred by the statute of limitations and non-compensable.  For the following reasons, we affirm.

## STANDARD OF REVIEW

**¶2**         In reviewing findings and awards of the ICA, we defer to the factual findings of the administrative law judge ("ALJ"), but review questions of law *de novo*.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We consider the evidence in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

**¶3**         On May 3, 2016, Faustino mailed a Worker's Report of Injury to the ICA, alleging he had sustained an industrial injury while working for Respondent Employers Keith and Sharma Mulqueen on March 7, 2014.  The claim was denied, and Faustino requested a hearing, which was set for September 16, 2016.  Faustino did not appear at the hearing or notify the ALJ or the other parties that he would not appear.

**¶4**         The ALJ's award found the claim non-compensable because it was barred by the one-year statute of limitations.  *See* Ariz. Rev. Stat. ("A.R.S.") § 23-1061(A) (2016).

2

¶5        Faustino then wrote the ICA that he did not attend the hearing because he was sick, but he attached no supporting documentation. Considering the letter a request for review, the ALJ issued a decision upon review affirming the award.

¶6        Faustino then brought this timely petition.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2) (2016) and 23-951(A) (2012), and Rule 10 of the Arizona Rules of Procedure for Special Actions.

**ANALYSIS**

¶7        A worker must file a claim for workers' compensation "within one year after the injury occurred or the right thereto accrued."  A.R.S. § 23-1061(A).  The statute of limitations "begins to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that the claimant has sustained a compensable injury."  *Id.*; *accord Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 213, 735 P.2d 820, 823 (1987).  The claimant bears the burden of proving all material elements of the claim.  *T.W.M. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, 45-46, ¶ 12, 6 P.3d 745, 749-50 (App. 2000).

¶8        Here, the ALJ properly concluded Faustino's claim is time-barred.  Based on his injury report, Faustino was working for the Respondent Employers on March 7, 2014, when he slipped on a truss, cracked seven ribs, immediately stopped working, and was treated at Scottsdale Healthcare.  The ALJ did not abuse his discretion in finding "[t]here is no evidence in the record to support that [Faustino's] cause of action accrued on any date other than the alleged date of injury." Accordingly, the statute of limitations required that Faustino file his claim no later than one year after the injury—or by March 6, 2015.  Because Faustino did not file his claim until May 3, 2016, the claim is barred by the statute of limitations.

¶9        Additionally, the ALJ did not abuse his discretion in affirming the award on review without granting a new hearing.  Faustino bore the burden of establishing the elements of a compensable industrial injury and had the obligation to appear in person for hearings, unless excused.  Before the hearing, Faustino did not file any medical documentation or request subpoenas for medical witnesses in support of his claim or to show that his Report of Injury was timely.  Further, despite having advance notice of the September 16, 2016 hearing, he did not appear, his attendance was unexcused, and he filed no documentation to excuse his absence or otherwise support his case.  In his decision upon review, the ALJ found

Faustino's request for review did "not set forth a legal or factual basis to overturn the award" or address Faustino's "failure to produce any evidence, or request any witnesses in advance of the initial hearing." The ALJ's findings are fully supported by the administrative record.[1]

**CONCLUSION**

¶10 For the foregoing reasons, we affirm the award and decision upon review. Respondents are awarded their taxable costs on appeal, subject to compliance with Rule 21, ARCAP.



---

[1] Respondents Employers and Special Fund Division request that we strike paragraphs 2 through 6 and the latter one-and-a-half sentences in paragraph 7 of Faustino's opening brief as asserting facts outside the administrative record. *See Cowan v. Indus. Comm'n*, 18 Ariz. App. 155, 158, 500 P.2d 1143, 1146 (1972). Given that Faustino's claim is time-barred, we deny the requests as moot.