376 P.2d 767

Steve CONDOS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Tom Zanidas and Gust Muzikas (Mexico Cafe), Respondents.

No. 7554.

Supreme Court of Arizona.

En Banc.

Dec. 12, 1962.

————◆————

Alan Philip Bayham, Phoenix, for petitioner.

Lorin G. Shelley, Phoenix, for respondent Industrial Commission of Arizona, Donald J. Morgan, C. E. Singer, Jr., Ben P. Marshall, and Laurence Davis, Phoenix, of counsel.

UDALL, Vice Chief Justice.

By certiorari we here review an award denying petitioner compensation for permanent injuries allegedly resulting from a fall during the course of his employment. The award granted compensation for temporary disability in the sum of $2,051.

■ Petitioner is a man of 72 years of age. He has worked as a cook for the greater part of his mature life. It was while he was employed as such on May 8, 1960, that he slipped on a wet floor of the kitchen in which he was working and fell causing a fracture of his right fibula, a bone of the lower part of his right leg. Petitioner also alleges injury to the right shoulder in the form of fibromyositis. No evidence, however, showed a causal connection between that alleged disability and the accident. The X-rays taken of the shoulder on June 29, 1960, the month following the accident, showed no visible evidence of fracture or dislocation. Only a small arthritic bud was observed. While it is true that Dr. Meredith testified that the arthritic condition was "aggravated" by the accident, there was no evidence of an earlier condition upon which aggravation might be found; and though there was testimony with regard to the characteristics of fibromyositis there was no evidence in the record showing that the accident could have caused or did cause the fibromyositis. Therefore, ·the petitioner's contention that he suffered permanent aggravation to a previous condition of Parkinsonian tremor is the only matter with which we must deal.

In the proceedings before the Industrial Commission two physicians testified with regard to this alleged aggravation of the prior ailment. Also, an opinion made in a group consultation of Commission-appointed physicians was considered. From this there arose disagreement as to whether the accident and its effect on the prior physical condition so disabled petitioner that he will be permanently unable to return to work, or

whether his inability to work is the result of circumstances arising independent of the accident. The Commission found the latter situation to be true, and this is the only assignment of error urged on appeal.

We find it unnecessary to weigh all the evidence since conflict therein did appear.[1] Dr. Meredith, the physician called by the petitioner to testify, was of the opinion that the Parkinsonian tremor was aggravated by petitioner's inactivity and worry during his period of convalescing. Furthermore he testified that an existing arthritic condition was aggravated to such an extent by the accident that petitioner's right leg was permanently disabled. Whereas, the physician testifying on behalf of the special consultation group indicated that Parkinson's disease is of such a nature that without more evidence upon which to base an opinion the circumstances of this accident would have had no effect thereon. As to the injury to the leg this physician was unable to find a disability of such nature that petitioner would be unable to return to work on that account.

■ It is the rule in this state, as set forth in a number of cases, that where evidence is in conflict as to the cause of an injury[2] and there is substantial evidence upon which the Commission may have supported its findings this court will not disturb its findings. Mead v. American Smelting & Refining Company, 90 Ariz. 32, 363 P.2d 930 (1961); Henninger v. Porter, 85 Ariz. 184, 334 P.2d 765 (1959); Bierman v. Magma Copper Company, 88 Ariz. 21, 352 P.2d 356 (1960); Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960). Such is the situation at bar. The physicians are at opposite poles with regard to the relationship of petitioner's condition of Parkinson's disease and the accident in question, and to his inability to work because of the ankle injury. Furthermore, both of their opinions are merely conjecture. Petitioner argues that Dr. Stovall did not consider the relationship between the accident and the aggravation to the prior existing physical conditions at the time he examined petitioner. However, the evidence indicates that in that physician's observation he recognized no connection nor had anything been brought to his attention indicating there was such causal relationship.

We do not decide here that either of these doctors are right, or wrong. We merely indicate there is a conflict and that it was resolved by the Commission in such a way

1. We said in Bentley v. Industrial Commission, 71 Ariz. 181, 225 P.2d 43, 48 (1950):
" * * * This court does not weigh the testimony, but only searches the record to see whether the Commission's findings are supported by any substantial evidence, even though there might be other contradicting evidence."

2. As opposed to where weight to be given to causal factors is in dispute. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960).

that their findings are reasonably supported by the evidence. It is interesting to note that for a number of years Dr. Meredith had been treating the petitioner for diabetes and occasional head colds but he noticed Parkinson's disease only after about six months following the accident when the tremors were such as to catch his eye.[3]

We agree with petitioner's contention that the victim of an industrial accident must be taken as he is found prior to the accident and if there is an aggravation to previous conditions he must be compensated. Such is the law in this state. Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960). However, in this case the only prior existing condition really supported by the evidence is that the victim is a man of 72 years of age. He was able to work, and he apparently was agile. The prior conditions of Parkinson's disease and of arthritis were not proven by competent evidence.

The fact still remains that there was a conflict in evidence as to the connection between the accident and the petitioner's present disability to return to work. Therefore, we must conclude that the Commission considered all pertinent matters and was of the opinion there were no prior conditions which the accident affected or the accident

did not aggravate those problems beyond the temporary disability for which it compensated petitioner.

The award is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concur.

---

3. The burden of proof of all matters set forth in a claim is on the claimant. Mead v. American Smelting & Refining Company, 90 Ariz. 32, 363 P.2d 930 (1961); Bierman v. Magma Copper Company, 88 Ariz. 21, 352 P.2d 356 (1960); Helmericks v. Airesearch Manufacturing Company, 88 Ariz. 413, 357 P.2d 152 (1960); Bentley v. Industrial Commission, 71 Ariz. 181, 225 P.2d 43 (1950).