476 P.2d 163

Curtis L. JOHNSON, Petitioner,

v.

The INDUSTRIAL COMMISSION
of Arizona, Respondent,

Southwest Forest Industries, Inc.,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 442.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 10, 1970.

Rehearing Denied Dec. 14, 1970.

Review Granted Jan. 26, 1971.

Morgan & Jerome, by D. A. Jerome,
Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix,
The Industrial Commission of Arizona, for
respondent.

Robert K. Park, Chief Counsel, Phoenix,
State Compensation Fund, for respondent
carrier.

Stevenson, Warden & Smith, by Wm. W.
Stevenson, Flagstaff, for respondent em-
ployer.

STEVENS, Judge.

The very limited issue presented to the
Court is whether the action of the Commis-
sion in reopening a claim becomes *res judi-
cata* thereby precluding the Commission
from entering a further award denying ad-
ditional compensation.*

The petitioner, then 47 years of age, sus-
tained an industrial injury on 27 May 1960.
On 7 February 1961 the Commission enter-
ed its award finding, in part;

> "That the medical evidence reflects that
> said applicant has no physical disability
> resulting from said accident and the
> Commission so finds."

This award became final.

In 1966 the petitioner was operated upon
for a herniated disc. The surgeon report-
ed:

> "I believe the original injury in May,
> 1960 was the main factor in producing
> the herniated disc, as the patient did not
> respond to any treatment following his
> injury and did not respond to conserva-
> tive treatment here, but he has responded
> well to Surgery in Long Beach."

The medical report including the forego-
ing quotation was submitted to the Com-
mission in support of the petitioner's 6
April 1966 petition to reopen for new, ad-
ditional or previously undiscovered disabili-
ty. This type of proceeding was recogniz-
ed by A.R.S. § 23–1061, subsec. C which
read as follows:

> "Like application shall be made for an
> increase or rearrangement of compensa-
> tion. No increase or rearrangement shall
> be operative for any period prior to ap-
> plication therefor, and any increase or
> rearrangement shall be within the limits

---

* This matter is decided under the law as it existed prior to 1 January 1969.

and classifications provided in this chapter."

See also Rule 64 of the Rules of the Commission,[1] and one of the landmark cases in this area, Adkins v. Industrial Commission of Arizona, 95 Ariz. 239, 389 P.2d 118 (1964). The Commission considered the petition and its supporting medical report and without hearing under date of 20 May 1966 the Commission entered its findings and award for new, additional or previously undisclosed disability. We quote from this award.

### "FINDINGS

"1. That applicant has sustained new, additional or previously undiscovered disability attributable to injury by accident arising out of and in the course of his employment with the above-named defendant employer on May 27, 1960.

"2. That applicant is entitled to accident benefits and compensation, if indicated, from and after April 6, 1966 until further order of this Commission.

\*　　\*　　\*　　\*　　\*　　\*

### "AWARD

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. Accident benefits and compensation, if indicated, from and after April 6, 1966, until further order of this Commission.

"2. All medical expense incurred by applicant which this Commission may ultimately determine to be reasonably necessary to the reopening of applicant's case."

The respondent employer sought to set aside the 20 May 1966 award. The action in this connection was not timely.

The file reflects medical evaluation of the petitioner and the entry of an award on 7 March 1967 which contains the following finding.

"That the condition of said applicant has again become stationary with no disability and the Commission so finds."

A timely request for hearing was presented. There was a rehabilitation consultation and report. Evidence, including medical testimony, was taken in formal hearings held in February, May and October of 1968. Thereafter and on 11 April 1969 the Commission entered an award, the critical finding therein being:

"1. Applicant has failed to sustain his burden of proving by a preponderance of the evidence that his condition, insofar as it is related to the industrial episode of May 27, 1960, has not become stationary with no disability."

In attacking the last-mentioned award before the Commission, the petitioner urged

---

1. 64. Application for Reopening or Readjustment of Claims:—Application for an increase or rearrangement of compensation or application for compensation based upon new, additional or previously undiscovered disability, or application or petition to reopen claim, shall be filed with the Commission in writing, setting forth facts and circumstances, and supported by a written report of a physician or surgeon, duly and regularly licensed to practice medicine and surgery in the State of Arizona, setting forth facts and circumstances in detail relating to the then physical condition of said applicant.

In the event the report of the physician or surgeon claims new, additional, or previously undiscovered disability, *the Commission shall make further independent investigation, including medical examina-* *tions or laboratory work relating to the alleged physical condition of the applicant.* Such application for compensation shall not be operative for any period prior to application therefor. Reasonable necessary medical examination and laboratory work expense shall be borne by the applicant. In the event the application is determined by the Commission to justify additional compensation or medical treatment, the Commission shall notify in writing all interested parties of its decision; and the applicant will be reimbursed for reasonable necessary medical examination and laboratory work expense which he has incurred, in accordance with the Commission's Medical, Dental, Hospital and Nursing Fee Schedule. (Emphasis Added)

that the 20 May 1966 award had become *res judicata* holding that there was a causal relationship between the petitioner's then condition and his 1960 industrial accident. The Commission did not agree. The matter was brought to us for review and we do not agree.

■ We hold that it is appropriate for the Commission to reopen upon the presentation of some *prima facie* evidence that a new, additional or previously undisclosed condition exists which bears a causal relationship to the old injury. This is an investigative procedure. The matter is then fully investigated at the expense of the carrier without prejudice to the rights of any interested party. In the event that the Commission later determines that the evidence does not preponderate in favor of establishing the existence of a new, additional or previously undisclosed condition causally related to the old injury, then an award similar to the one under attack is entered. If the evidence does not preponderate in favor of the petitioner, he has not borne his burden of proof. If the evidence so gathered does preponderate in favor of the petitioner, then he has borne his burden of proof even though he may have made no separate independent investigation of his own. The Commission should be encouraged to make this aid and assistance available to injured workmen.

■ We further hold that the act, or award if you will, of reopening does not preclude a later finding adverse to the employee and does not compel a later award in favor of the employee.

The award finding an absence of a causal relationship is supported by the evidence and the award is affirmed.

DONOFRIO, P. J., and EUBANK, J., concur.