487 P.2d 759

Curtis L. JOHNSON, Petitioner,

v.

INDUSTRIAL COMMISSION of
Arizona, Respondent,

Southwest Forest Industries, Inc.,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 10310–PR.

Supreme Court of Arizona,
In Banc.

July 23, 1971.

Rehearing Denied Sept. 17, 1971.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

Stevenson, Warden & Smith, by William W. Stevenson, Flagstaff, for respondent employer.

LOCKWOOD, Justice.

Curtis L. Johnson filed with this Court a petition to review the decision of the Court of Appeals, Curtis L. Johnson v. Industrial Commission, 13 Ariz.App. 310, 476 P.2d 163 (1970) which affirmed the award of the Industrial Commission entered April 11, 1969. The opinion of the Court of Appeals is vacated, the award of the Industrial Commission is affirmed.[1]

The petitioner sustained an industrial injury on the 27th of May, 1960 which was diagnosed as a lumbosacral strain and on February 7, 1961 an award of temporary disability with a finding of no physical disability resulting from the accident. On April 6, 1966 a petition for rehearing was filed and treated by the Commission as a petition to reopen for new, additional or previously undiscovered disability with supporting medical evidence to the effect that petitioner had undergone surgery for the removal of a herniated disc at L 4–5 and L 5–S1. The petitioner's physician was of the opinion that the industrial accident of May 27, 1960 was the main factor in producing the herniated disc.

A.R.S. § 23–1061 reads as follows:

"C. Like application shall be made for an increase or rearrangement of compensation. No increase or rearrangement shall be operative for any period prior to application therefor, and any increase of rearrangement shall be within the limits and classifications provided in this chapter."

Pursuant thereto the file was reopened and the following finding and award was made:

"FINDINGS

"1. That applicant has sustained new, additional or previously undiscovered dis-

ability attributable to injury by accident arising out of and in the course of his employment with the above-named defendant employer on May 27, 1960.

"2. That applicant is entitled to accident benefits and compensation, if indicated, from and after April 6, 1966 until further order of this Commission.

\*     \*     \*     \*     \*     \*

"AWARD

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. Accident benefits and compensation if indicated, from and after April 6, 1966, until further order of this Commission.

"2. All medical expense incurred by applicant which this Commission may ultimately determine to be reasonably necessary to the reopening of applicant's case."

■ The employer failed to file a timely petition for rehearing and therefore the order became final and res judicata, Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472; Jupin v. Industrial Commission, 71 Ariz. 131, 224 P.2d 199; Chavarria v. Industrial Commission, 99 Ariz. 315, 409 P.2d 26; Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918.

The file reflects payment of compensation for total temporary disability from 4–6–66 through 9–28–66 and partial temporary disability through January 31, 1967. During this period there was medical evaluation by group consultation consisting of Dr. L. J. Brown, Dr. M. G. Peterson and Dr. T. H. Taber, Jr. and their report concluded with the following summary:

"However, after reviewing the records, x-rays and physical examination of the patient today, the consultants are of the opinion that this patient has degenerative arthritis of the spine. By his statement, he is no better now than prior to surgery and maybe worse. We have the impression from previous examinations, includ-

---

1. This matter is decided under the law as it existed prior to January 1, 1969.

ing the last consultation, that the patient sustained a lumbosacral strain and had nothing to indicate that he had a herniated disc at the time of discharge from treatment.

"Although he has had some intermittent symptoms from 1961 until the surgery in 1966, the consultants feel that his symptoms are probably on a degenerative basis rather than on a traumatic basis due to the injury of 5-27-60."

Dr. Taber in a report dated February 6th stated "patient's symptoms are unrelated to any effects of his injury; the patient should not be under industrial care and he should be at a working status" and "that there was nothing additional to offer him in the way of care." Although petitioner and his physician claimed he was disabled and he had not returned to work the Commission on March 7, 1967 entered an award and finding which discontinued further payment of compensation or medical benefits and paragraph seven stated, "That the condition of said applicant has again become stationary with no disability." Petitioner through his attorney duly protested the Commission's findings of March 7th and a petition for rehearing was filed. While such matter was pending efforts were made to introduce petitioner to rehabilitative training and psychological as well as medical evaluation was continued. Petitioner then fifty-five years old with a third grade education was found to lack ability to adapt to a new vocation and the suggested occupation as nite watchman was not acceptable to him because of the lower salary. Medical testimony of Dr. Taber taken at the hearing restated the group consultation findings as follows:

"I can appreciate, purely from an historical relation of his complaints, that he got hurt and finally had to have something done for his back, and I can understand why, as a layman, he would feel that this is the reason. But there are other medical factors that are present which would indicate to me that the injury was not the reason for his disc and was not the

reason that he had to have the surgery and is not the reason for the persistence of his symptoms.

"I think that they are all related to his underlying arthritis and I don't think that there is anything in the record that medically documents the fact that that was significantly aggravated by the injury originally, especially in view of his work record."

"Q. After making this examination, Dr. Taber, what conclusions did you reach? "A. Well, we felt that the patient's symptoms related to his injury of 5-27-60 were on a degenerative basis rather than on a traumatic basis due to that injury and we felt that he should be on a working status and should do some exercises."

Petitioner's work record indicated that he worked fairly steady at hard manual labor from 1960 to October 1965. A report of Dr. George H. Yard submitted by petitioner confirmed that petitioner's "loss of function secondary to the accident and surgery was slight," and that "increased activity would produce near normal functioning." Dr. Carr also on behalf of petitioner stated that petitioner would be unable to perform heavy work because of residuals of postoperative adhesions from a herniated disc and that the accident was a contributing factor to the herniated disc.

After considering the medical evidence the hearing officer concluded "the preponderance of medical testimony is to the effect that an arthritis condition is not causally related and furthermore, that this condition whatsoever its cause is not disabling." The Commission on April 11, 1969 entered the following order entitled: Decision Upon Hearing And Order Affirming Additional Findings And Award:

"FINDINGS

"1. Applicant has failed to sustain his burden of proving by a preponderance of the evidence that his condition, insofar as it is related to the industrial episode of May 27, 1960, has not become stationary with no disability.

"ORDER

"IT IS ORDERED that the Additional Findings and Award entered herein on the 7th day of March, 1967, be, and the same is hereby affirmed."

■ Upon this appeal petitioner raises the following questions for review:

"1. Are there any valid awards when the first 'award' is issued not by the Commission, but by the Claims Department, and subsequent decisions of the Commission make no findings on the question of disability, but just affirm the first 'award' issued prior to any formal hearings?

"2. If by surgery herniated discs are removed, and the injured workman has physical disability resulting from said surgery, can the Industrial Commission of Arizona rule that since his condition has stabilized, he therefore has no disability?"

The Commission in its award of April 11th found petitioner had failed to sustain the burden of proving by a preponderance of the evidence that his condition insofar as related to the accident had not become stationary with no disability. It then affirmed the void additional finding and award of March 7, 1967. As we said in Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918:

"The practice of affirming findings set aside by the granting of a hearing or rehearing is a source of procedural confusion and should not continue. The Commission in such cases has nothing to affirm. The award entered is the first award and should so appear. But since the May 3, 1966, action specifically found no compensable disability, it was clearly an award, and was not made invalid by the Commission's questionable practice of affirming a previous, null finding."

■ Petitioner again filed for rehearing on the basis that a disability award should be made. This was denied by the Commission on the 27th of February, 1970 in an order which provided that the Commis-

sion had reconsidered the file and all reports and denied the petition for hearing because it contained no new or additional information nor raised any issues not considered at the prior hearings and subsequent adjudication. It is clear that the Commissioners twice passed upon the merits and Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 cited by petitioner in his brief is not applicable to this case. Petitioner's contention is that the Commission was estopped by its award of May 20, 1966 from denying the existence of disability because such award in effect found that new, additional or previously undiscovered disability attributed to injury by accident referred to in such award was the removal of two discs. Such award clearly was conditional, providing, "accident benefits and compensation, if indicated—until further order of this Commission." As this Court said in International Metal Products Division v. Industrial Commission, 99 Ariz. 73, 406 P.2d 838:

"Except in claims for death benefits, the Commission can never ascertain whether an award is final. Most awards have an element of finality as to the granting or denying of the benefits sought by the application which precipitated said order; however, it retains jurisdiction of all compensation cases for the purpose of altering, amending or rescinding its findings and award at the instance of either employee, insurer or employer, (a) upon showing a change in physical condition of the employee subsequent to findings and award, arising out of the injury."

■ In Chavarria v. Industrial Commission, supra, the wording of the award was identical to that under consideration and we held that finding number two must be construed as conditional, the award predicated on it must be held to be a temporary disability award authorized by A. R.S. § 23-1045, and therefore the Commission was at liberty later to determine whether petitioner was disabled so as to prevent him from returning to work. A.R.

S. § 23–1061, subsec. C and A.R.S. § 23–1044 gave the Commission continuing jurisdiction over a matter in much the same manner as A.R.S. § 25–321 gives to the Superior Court jurisdiction to modify a judgment affecting alimony, support or custody of children. The award was temporary and having reserved jurisdiction over the case the commissioners were required to determine the extent of disability, but in such case the claimant has the burden of establishing his disability. When there is a conflict in the evidence and experienced expert witnesses reach opposite conclusions concerning the source or extent of a worker's disability this Court will not say that the Industrial Commission was required to accept one opinion over the other. Condos v. Industrial Commission, 92 Ariz. 299, 376 P.2d 767. Conflicting medical testimony on whether disability resulted from injury or from disease supports the award for temporary disability only. Almanza v. Phelps Dodge Corp., 57 Ariz. 150, 112 P.2d 215.

The award finding that petitioner's condition insofar as related to the industrial episode of May 27, 1960 has become stationary with no disability is affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL, J., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.