489 P.2d 292

**Henry Charles OSSENDORF, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Arizona Brewing Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 471.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 7, 1971.

Gorey & Ely by Sherman R. Bendalin, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by Courtney L. Varner, Phoenix, for respondents State Compensation Fund and Arizona Brewing Co., Inc.

EUBANK, Judge.

This workmen's compensation case is before us on our writ of certiorari to review the lawfulness of an award denying petitioner's petition to reopen a prior award.

The facts are that Charles Ossendorf, hereafter "petitioner", was employed as a security guard for the Arizona Brewing

Company from August 1961 until January 30, 1963, when he was discharged. Subsequently, petitioner went to Dr. L. E. Kron informing him that he had hurt his back lifting a meat slicer while working for Arizona Brewing Company on January 3, 1963. His claim was filed and accepted by the Commission. He was treated for his condition until June of 1963 when the Commission closed the claim with a temporary disability award. This award was not protested and became final. The claim remained closed until December of 1966 when petitioner filed a petition to reopen on the basis of a report by Dr. Louis Katz stating that the petitioner had been under his care for radiculitis for the past year and that petitioner *might* have a possible disc injury related to the January 1963 industrial accident. In February 1967 petitioner was examined by Dr. Ronald S. Haines who reported that petitioner's condition was a progression of a degenerative disease (arthritis) which petitioner had at the time X-rays were taken of his back on February 5, 1963. Subsequently, the petition to reopen was denied. This award was protested and a hearing was held on August 16, 1968, at which time petitioner, Dr. Katz, Dr. Paul Nichols and Dr. Ronald S. Haines testified. Dr. Katz testified that,

"I came to the conclusion that the man [petitioner] probably had some disc disease of the lower end of the lumbar spine and with his past history of injury it must have some relationship to his injury."

Dr. Nichols testified on this point as follows:

[Counsel] "Q * * * state an opinion as to whether there was a probable causal relation between the condition as you found it [in 1967] and the original accident as it was described to you?

"A Yes, assuming that the history that I obtained was correct, I would think that there would be a causal relationship.

"Q Would you mind explaining that, Doctor?

"A * * * Therefore, assuming this to be correct, I would feel that there is a continuity of symptoms and that the present symptoms at the time I examined him would be related to the accident in question."

Dr. Nichols also testified that an electromyogram had been performed and this revealed a sciatica of the right sciatic nerve due to injury of the fifth lumbar nerve root and that this was some objective evidence of some limitation of lumbosacral spine motion. On cross-examination, Dr. Nichols testified that petitioner's symptomatology could also be caused by petitioner's degenerative disc disease and that petitioner's sciatica could be caused by his diabetes.

Dr. Haines testified covering petitioner's back pains that,

"A I thought they were on the basis of degenerative disease.

"Q Without any causal relationship whatsoever to the original industrial injury?

"A Yes."

He was also of the opinion that petitioner's complaints were due to his getting older.

As demonstrated by the foregoing, the Commission was presented with a conflict in the medical testimony. Petitioner has the burden of proving all the elements of his claim. Flores v. Industrial Commission, 11 Ariz.App. 566, 466 P.2d 785 (1970). And when a conflict of medical evidence is present, this Court will not disturb the result. Flores, supra. In the recent case of Johnson v. Industrial Commission, 107 Ariz. 338, 487 P.2d 759 (1971), our Supreme Court said:

"When there is a conflict in the evidence and experienced expert witnesses reach opposite conclusions concerning the source or extent of a worker's disability this Court will not say that the Industrial Commission was required to accept

one opinion over the other. Condos v. Industrial Commission, 92 Ariz. 299, 376 P.2d 767." (487 P.2d at 763)

We find a conflict of medical opinion and medical evidentiary support for the award of the Commission.

Award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.