508 P.2d 746

Harry H. MARTIN, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Reliable Electric Company, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 765.

Court of Appeals of Arizona,
Division 1,
Department A.

April 17, 1973.

Hal Howard, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The
Industrial Commission of Ariz., Phoenix,
for respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund, by Dee-Dee Samet,
Phoenix, for respondent employer & re-
spondent carrier.

OGG, Judge.

This appeal by writ of certiorari ques-
tions the validity of medical evidence sup-
porting the Commission's decision denying
the reopening of Harry M. Martin's award
for additional medical and compensation
benefits.

The record shows that on October 18,
1965 the petitioner was overcome by fumes
from a welding torch while employed by
respondent Reliable Electric Company. Aft-
er the accident petitioner was treated by
numerous doctors and on July 30, 1969 the
Industrial Commission made an award for
an unscheduled permanent partial disabil-
ity.

In 1970 the petitioner requested a reopen-
ing of this case to secure additional bene-
fits; after a hearing and review the Com-
mission denied the petition to reopen and
petitioner now brings this appeal.

Petitioner relies upon the testimony of
Dr. Philip D. Greenbaum to show that he
had a new, additional and previously un-
discovered disability referable to his in-
dustrial injury. Dr. Greenbaum, a psychia-
trist, testified that petitioner suffered from
hysterical neurosis (conversion type) which
was precipitated by his industrial injury.
The doctor further testified that this con-
version hysteria is purely psychological and
not organic.

Dr. Nathan S. Kolins testified that he
had been treating the petitioner for twen-

ty years; that petitioner was totally disabled and that the present disability was caused or contributed to by the industrial injury. Dr. Kolins further testified that petitioner's functional complaints had increased since the accident but laboratory tests and x-rays indicated little change in his condition.

Dr. Thomas M. Forman, a specialist in internal medicine and pulmonary disease, testified that his findings were the same as Dr. Kolins' over the last several years and that petitioner's condition had not changed since the date of the accident. Dr. Forman did not think there were any functional overlay or psychological factors in petitioner's symptoms since all his complaints had an objective basis.

Dr. William Browlee, a specialist in surgery and diseases of the chest, testified that he was unable to detect much change in petitioner's condition from the date of the first examination in May, 1969 through the date of the last examination in March, 1971. He did testify that the petitioner had reported an increase in the frequency of episodes of syncope (fainting).

■ It is well settled that where there is a conflict of medical testimony the Commission, as trier of fact, may decide which expert to rely upon or believe. Johnson v. Industrial Commission, 107 Ariz. 338, 487 P.2d 759 (1971); Ossendorf v. Industrial Commission, 15 Ariz.App. 445, 489 P.2d 292 (1971); Lawson v. Industrial Commission, 12 Ariz.App. 546, 473 P.2d 471 (1970); Condos v. Industrial Commission, 92 Ariz. 299, 376 P.2d 767 (1962).

The Commission found that petitioner's disability was now no different nor more aggravated than at the time of the original award and that, although the testimony of Dr. Greenbaum may be new evidence, it did not constitute a new, additional or previously undiscovered condition that justified the reopening of petitioner's prior award. Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961); White v. Industrial Commission, 7 Ariz.App. 243, 437 P.2d 995 (1968).

■ We find there was a conflict in the medical testimony and that there was evidence to support the Commission's decision not to reopen.

The decision of the Commission to deny the reopening of petitioner's claim is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.