NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CLIFFORD HOLYAN, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

ODYSSEY CONSTRUCTION, *Respondent Employer*,

CINCINNATI INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 18-0063
FILED 5-28-2019

Special Action - Industrial Commission
ICA Claim No. 20081-620027
Carrier Claim No. 916370
The Honorable Rachel C. Morgan, Administrative Law Judge

**AWARD AFFIRMED**

APPEARANCES

Clifford Holyan, Fort Defiance
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent, ICA*

Lundmark, Barberich, La Mont & Slavin PC, Phoenix
By R. Todd Lundmark, Danielle Vukonich
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

---

**B R O W N**, Judge:

¶1        Clifford Holyan seeks review of an Industrial Commission of Arizona ("ICA") award denying his request to reopen.  Because reasonable evidence supports the award, we affirm.

## BACKGROUND

¶2        In 2008, while working for respondent employer Odyssey Construction, Holyan injured his right shoulder when he fell several feet down an elevator shaft.  The ICA accepted the claim for benefits and issued a permanent partial disability award in 2010.  In 2013, Holyan began to complain to doctors of neck pain.  Orthopedic surgeon Ross Jones eventually diagnosed Holyan with various degenerative conditions and performed a cervical fusion of Holyan's neck on February 22, 2018. Believing his neck condition was related to his 2008 injury, Holyan filed a petition to reopen his claim under Arizona Revised Statutes section 23-1061(H).  Cincinnati Insurance Company, the respondent carrier, issued a notice of claim status denying the petition and Holyan filed a request for hearing.

¶3        At the subsequent evidentiary hearings, the ALJ received testimony from Holyan, Dr. Jones, and orthopedic surgeon Irwin Shapiro. Holyan acknowledged he did not have "medical evidence" to show that his recent neck surgery was related to his 2008 industrial injury, but nonetheless maintained that the prior injury caused his current neck condition. Jones explained how Holyan's condition had deteriorated under a "conservative" treatment regimen and eventually required the cervical fusion. Jones could not say, however, whether Holyan's neck condition was causally related to his 2008 shoulder injury, though he noted the MRIs and x-rays he reviewed were consistent with a "degenerative process."

¶4 Shapiro offered a more definitive assessment: No evidence indicated Holyan's earlier injury caused his current neck pain. Shapiro explained that the MRI did not disclose signs of trauma but rather age-related degenerative changes. He added that this conclusion was consistent with the opinion of the wider medical community that "whiplash-type activity" or other trauma, generally cannot cause, or even aggravate, such degenerative symptoms.

¶5 The ALJ's award denied Holyan's petition to reopen. To the extent the opinions of Jones and Shapiro even conflicted, the ALJ resolved that conflict in Shapiro's favor. The ALJ ultimately concluded that Holyan did not carry his burden to prove a new, additional or previously undiscovered condition causally related to his 2008 injury. The ALJ summarily affirmed the award denying reopening and Holyan timely sought review in this court.

## DISCUSSION

¶6 Holyan fails to develop any arguments in his opening brief. He references potential issues relating to a labor market consultant and functional capacity test, but those matters are not relevant to the ALJ's award in this case. Holyan also requests "complete review" of his unscheduled permanent disability. Like respondents, we broadly construe his request as arguing that the ALJ's award is unsupported by the evidence.

¶7 In reviewing the ICA's awards and findings, we defer to the ALJ's factual findings but review legal conclusions de novo. *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 463–64, ¶ 2 (App. 2007). Any claimant seeking to reopen a previously accepted claim under § 23-1061(H) "must establish the existence of a new, additional or previously undiscovered condition and a causal relationship between that condition and the prior industrial injury." *Id.* at 464–65, ¶ 11. Claimants must prove a causal connection exists through "sufficient evidence," requiring expert medical testimony when the connection is not readily apparent—their own opinions or theories on causation will not suffice. *Id.* at 465, ¶ 11; *Eldorado Ins. Co. v. Indus. Comm'n*, 27 Ariz. App. 667, 670 (1976). Such testimony cannot, however, sustain a reopening when it establishes only the possibility of a causal connection. *Payne v. Indus. Comm'n*, 136 Ariz. 105, 108 (1983); *Lamb v. Indus. Comm'n*, 13 Ariz. App. 408, 411 (1970). If a conflict between experts arises, the ALJ must resolve it, and we will not disturb that resolution unless it has no evidentiary support. *Stainless Specialty Mfg., Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985); *Condos v. Indus. Comm'n*, 92 Ariz. 299, 301–02 (1962).

¶8        The evidence supports the ALJ's award denying reopening. Although Holyan stated his sincere belief that his 2008 injury caused his current neck symptoms, the causal connection between the two—separated by years and not visible to the naked eye—was not readily apparent.  As such, Holyan needed to establish that connection with expert medical testimony.  But Jones, Holyan's expert, could not say whether his prior industrial injury caused his current neck condition.  At best, Jones suggested that a causal connection between the two could possibly exist, but that cannot sustain a claimant's burden of proof.

¶9        In any case, the ALJ found Shapiro's opinion was "more probably correct and well-founded to a reasonable degree of medical probability."  The evidence supports that finding.  Unlike Jones, Shapiro examined Holyan near the time of his fall and did not note any injury related to Holyan's neck.  Shapiro also reviewed the MRI and Jones's records in forming his opinion.  Lastly, Shapiro explained how his opinion was consistent with the view of the wider medical community as to whether a single traumatic incident could cause or aggravate Holyan's present condition.  Accordingly, "[w]e do not decide here that either of these doctors are right, or wrong.  We merely indicate there is a conflict and that it was resolved by the [ALJ] in such a way that the[] findings are reasonably supported by the evidence." *Condos*, 92 Ariz. at 301–02.

## CONCLUSION

¶10        We affirm the award denying Holyan's petition to reopen.



AMY M. WOOD • Clerk of the Court
FILED:  AA